```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION
```

JAMES R. DAVIS                    §
                                  §
VS.                               § CIVIL ACTION NO.4:13-CV-026-Y
                                  §
TEXAS DEPARTMENT                  §
OF CRIMINAL JUSTICE, et al.       §

<u>    OPINION and ORDER OF PARTIAL DISMISSAL UNDER
 28 U.S.C. § 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)</u>

This case is before the Court for review of pro-se plaintiff James R. Davis's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Davis, an inmate at the Texas Department of Criminal Justice's Gib Lewis unit, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 arising from events that occurred while he was housed at the Corrections Corporation of America ("CCA") Mineral Wells Pre-Parole Transfer facility. He named as defendants the Texas Department of Criminal Justice; the Corrections Corporation of America; D. Godwin, assistant warden, CCA Mineral Wells; T. Hopkins, officer, CCA Mineral Wells; and P. Hopkins, unit manager, CCA Mineral Wells. (Compl. Style; § IV(B).) The Court directed Davis to file a more definite statement. He did so and ,thus, the complaint and more definite statement are subject to review. Davis seeks injunctive relief and punitive damages. (Compl. § VI; More Definite Statement (MDS)[1] at § 6, page 16.)

---

[1] Davis did not place page numbers on his handwritten more definite statement, but it contains 19 pages, which the Court has numbered sequentially.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and more definite statement, the court concludes that some of Davis's claims and some defendants must be dismissed, but that Plaintiff will be allowed to obtain service of process on the remaining claims against the individual defendants.

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.*(citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

*State Immunity*

In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or an instrumentality of the state.[7] Thus, the State of Texas is immune from suit under the Eleventh Amendment.[8] The Court of Appeals for the Fifth Circuit has expressly recognized that the Texas Department of Criminal Justice, as an instrumentality of the state, is immune from suit under the Eleventh Amendment.[9] As a result, any claims against the Texas Department of Criminal Justice are barred by Eleventh Amendment immunity, and must be dismissed.

*Corporate Defendant*

Davis has named the Corrections Corporation of America ("CCA") as a defendant in this matter because CCA operates the Mineral Wells pre-parole transfer facility. Although CCA is a private corporation, it may be sued under 42 U.S.C. § 1983 for alleged constitutional injury, because the operation of a prison is a fundamental government function.[10] In *Monell v. New York City Department of*

---

[7] See *Alabama v. Pugh,* 438 U.S. 781, 784 (1978); see *Okpalobi, et al. v. Foster,* 244 F.3d 405, 411 (5th Cir. 2001).

[8] *Bitara v. Texas,* 197 Fed. Appx. 329, 2006 WL 2521237, at *1 (5th Cir. Aug. 31, 2006).

[9] *Harris v. Angelina County, Texas,* 31 F.3d 331, 338 n. 7 (5th Cir. 1994).

[10] See *Phillips v. Corrections Corp. Of America,* No. 02-0766, 2006 WL 1308142, at *3 (W.D.La. May 10, 2006); see generally *Rosborough v. Management & Training Corp.,* 350 F.3d 459, 461 (5th Cir. 2003)("We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury").

*Social Services,* 436 U.S. 658 (1978) the Supreme Court emphasized that a local government entity cannot be liable under 42 U.S.C. § 1983 unless action in accordance with official municipal policy caused a constitutional tort.[11] The standards applicable to determining liability under § 1983 against a municipal corporation are applicable to determining the liability of a private corporation performing a government function.[12]

The overarching principle for municipal or corporate liability under 42 U.S.C. § 1983 is that an entity is not responsible for actions that might be attributed to it under principles of *respondeat superior.*[13] Thus, to the extent Davis claims liability against CCA based only upon the actions of employees at the CCA-Mineral Wells facility, any such claim fails as a matter of law.[14]

---

[11] *Monell,* 436 U.S. at 691.

[12] *See Eldridge v. CCA Dawson State Jail*, No.3:04-CV-1312-M, 2004 WL 1873035, at *2 (N.D.Tex. Aug. 19,2004)(*citing Street v. Corrections Corp. of America,* 102 F.3d 810, 817-18 (6th Cir. 1996)(noting that the five circuits that have addressed the issue have extended *Monell* to private corporations), *findings and recommendation adopted,* 2004 WL 2075423 (N.D.Tex. Sep. 16, 2004).

[13] *See generally Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011)(liability only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation")(quoting *Monell,* 436 U.S. at 692)(internal quotation marks omitted); *see also Williams v. Corrections Corp. of America,* CA No. 1:12-CV-489, 2012 WL 5866515, at *3 (W.D. La. Oct. 19, 2012)("Just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"), *rep. and rec. adopted*, (Nov. 19, 2012).

[14] *See Williams,* 2012 WL 5866515, at *3 ("Rather, a private corporation is liable under § 1983 only when an *official policy or custom of the corporation causes or is the 'moving force of the constitutional violation'*")(emphasis in original); *see also Piotrowski v. City of Houston,* 237 F.3d 567, 578, *reh'g en banc den'd,* 251 F.3d 159 (5th Cir.), *cert. den'd,* 534 U.S. 820 (2001).

It is appropriate to apply the common-law standards that have evolved to determine § 1983 liability for a municipal corporation to a private corporation; thus, a private corporation performing a government function is liable under § 1983 only if three elements are found.[15]  The first is the presence of a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury.[16] Second, the corporation must have an official custom or policy which could subject it to § 1983 liability.[17] And third, a claimant must demonstrate that the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights.[18] Culpability may be shown either through an unconstitutional official policy or through a facially innocuous policy that was implemented with deliberate indifference to a known or obvious consequence that a constitutional violation would result.[19]

---

[15]*Piotrowski,* 237 F.3d at 578.

[16]*Id.* at 578-79 (citing *Webster v City of Houston,* 735 F.2d 838, 842 (5th Cir. 1984)(en banc)).

[17]*See Victoria v. Larpenter,* 369 F.3d 475, 482 (5th Cir. 2004)(citing *Monell,* 436 U.S. at 691-92); *see also Piotrowski,* 237 F.3d at 579 (noting that official policy could be found in policy statements or regulations, or through a persistent widespread practice, that although not officially adopted as a promulgated policy, is so common and well settled that if represents corporate policy).

[18]*Victoria,* 369 F.3d 482 (citing *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Piotrowski,* 237 F.3d at 579.

[19]See *Piotrowski,* 237 F.3d at 579.

In his complaint Davis alleges against CCA that he was "challenging conditions that seriously affect my health and safety even [sic] I have provided objective evidence I was injured ... physically and psychologically." (Compl.§ IV (B).) When asked by the Court to provide facts of any custom or policy of CCA, however, Davis did not respond. (MDS at 12-13.) Review of the more definite statement therefore shows that Davis has not alleged facts of a custom or policy that was implemented in a manner that related to the events made the basis of this case. Because Davis has not alleged any facts to state a claim against CCA, his claims against this defendant must be dismissed.

*Injunctive Relief*

In his more definite statement, Davis seeks injunctive relief in the form of an order from this Court to "CCA and its directors to direct prison officials to make changes in their prison conditions and stop on-going conduct that the Court finds to be illegal." (MDS at 16.)  As noted above, Davis has not set forth facts to subject CCA to liability, and he has not named any directors as defendants. Furthermore, Davis filed this suit after he was no longer housed at the CCA Mineral Wells facility. A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release.[20] Further,

---

[20] *Smith v. City of Tupelo, Mississippi*, 281 Fed. Appx. 279, 282 (5th Cir. June 2, 2008)(citing *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001).

the possibility of return and future detention in the same facility is too speculative to warrant relief.[21] Because Davis is no longer incarcerated at the CCA Mineral Wells facility, his claims for injunctive relief must be dismissed.

*Limitation on Compensatory Damages*

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[22] Davis alleges claims under the Eighth and Fourteenth Amendments to the Constitution. Although long recognized as applying to claims under the Eighth Amendment,[23] the United States Court of Appeals for the Fifth Circuit held that § 1997e(e) applies to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[24] More

---

[21]*Id.*

[22]42 U.S.C.A. § 1997e(e)(West 2003).

[23]*See Herman,* 238 F.3d at 665-66; *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997).

[24]*Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered."[25] Other courts have held that an inmate's claims for compensatory damages for violation of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e).[26]

In the order for more definite statement, the Court directed Davis to recite any physical injuries he sustained as a result of the events made the basis of the complaint, and to identify any particular defendant that caused him to sustain any physical injury. Davis did not comply with that directive. (MDS 17-18.) Although Davis generally recites that he suffered "physical harm," he does not identify any specific action taken to cause physical injury, relying instead on repeated assertions of being placed in danger and in fear of injury. (MDS at 2-3, 4, 7, 9-10, 13.) Applying the above-referenced holdings to the instant case, no matter the substantive constitutional violations asserted by Davis, the failure to allege

---

[25] *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007)(emphasis in original).

[26] *Allen v. Holden,* No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012); *Rogers v. Newman,* No.5:04-CV-193DCB-JCS, 2006 WL 1520298, at *1 (S.D. Miss. April 7, 2006).

physical injury bars his claims for compensatory damages.[27]

*Order*

Therefore, Davis's claims against the Texas Department of Criminal Justice are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

Further, Davis's claims against the Corrections Corporation of America, all claims for injunctive relief, and all claims for compensatory monetary damages, are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).[28]

SIGNED June 25, 2013.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[27] Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins*, 512 F.3d at 198) or for injunctive or declaratory relief (*Harper*, 174 F.3d at 719).

[28] Davis will be allowed to complete summonses for service of his remaining claims against D. Godwin, T. Hopkins, and P. Hopkins through a separate order issued this same day.